UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CORY EPPS,

                Plaintiff,

-vs-

THE CITY OF BUFFALO, DETECTIVE JOHN
BOHAN, DETECTIVE MARK STAMBACH,
DETECTIVE JAMES GIARDINA, DETECTIVE
ANTHONY CONSTANTINO, DETECTIVE
ROBERT CHELLA, RANIERO MASSECHIA,
CHARLES ARONICA AND CHIEF JOSEPH RIGA.

                Defendants.

**ANSWER TO
COMPLAINT**

**19-CV-00211**

**DEFENDANTS
DEMAND TRIAL
BY JURY**

Defendants, **THE CITY OF BUFFALO, DETECTIVE JOHN BOHAN,
DETECTIVE REGINALD MINOR, DETECTIVE MARK STAMBACH, DETECTIVE
JAMES GIARDINA, DETECTIVE ANTHONY COSTANTINO** (incorrectly named as
"CONSTANTINO" here), **DETECTIVE ROBERT CHELLA, RANIERO MASSECHIA,
CHARLES ARONICA,** and **CHIEF JOSEPH RIGA** (collectively hereinafter
"Defendants"), by their attorney, Maeve E. Huggins, Esq., Assistant Corporation
Counsel, *of counsel* to Corporation Counsel, Timothy A. Ball, Esq., as and for their Answer
to the Plaintiff's Complaint in the above action, allege as follows:

## NATURE OF THE CASE

1.      Deny knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph "1" of Plaintiff's Complaint.

2.      Deny the allegations contained in paragraph "2" of Plaintiff's Complaint.

3.      Deny all allegations of any "suppression of evidence," "perjurious and misleading testimony," "cover-up," and any other wrongful conduct by the Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "3" of Plaintiff's Complaint.

4.      Deny the allegations contained in paragraph "4" of Plaintiff's Complaint.

5.      Deny the allegations contained in paragraph "5" of Plaintiff's Complaint.

6.      Deny any allegation that the prior 440 determination was unfair and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "6" of Plaintiff's Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of Plaintiff's Complaint.

## JURISDICTION AND VENUE

8.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of Plaintiff's Complaint and defer all questions of law to the Court.

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of Plaintiff's Complaint and defers all questions of law to the Court.

10.      Admit so much of the allegations contained in paragraph "10" of Plaintiff's Complaint that allege the City of Buffalo is entitled to statutory rights and protections under the General Municipal Law of the State of New York, but deny knowledge or

information sufficient to form a belief as to the truth of all other allegations contained in said paragraph, and defer all questions of law to the Court.

      11.      Admit the allegations contained in paragraph "11" of Plaintiff's Complaint.

      12.      Deny any allegation of "the defective investigation and *Brady* violations by the Defendants," deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "12" of Plaintiff's Complaint, and defer all questions of law to the Court.

## JURY DEMAND

      13.      To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of Plaintiff's Complaint.

## PARTIES

      14.      Deny all allegations of wrongful conduct by the Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of Plaintiff's Complaint.

      15.      With respect to the allegations in paragraph "15" of Plaintiff's Complaint, admit that the City of Buffalo is a municipal corporation organized and existing under the laws of the State of New York and clarify that the Buffalo Police Department is an administrative arm of the City of Buffalo but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the paragraph.

16.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "16" of Plaintiff's Complaint.

17.     To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "17" of Plaintiff's Complaint, and defer all questions of law to the Court.

18.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "18" of Plaintiff's Complaint.

19.     To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "19" of Plaintiff's Complaint, and defer all questions of law to the Court.

20.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "20" of Plaintiff's Complaint.

21.     To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "21" of Plaintiff's Complaint, and defer all questions of law to the Court.

22.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "22" of Plaintiff's Complaint.

23.    To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "23" of Plaintiff's Complaint, and defer all questions of law to the Court.

24.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "24" of Plaintiff's Complaint.

25.    To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "25" of Plaintiff's Complaint, and defer all questions of law to the Court.

26.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "26" of Plaintiff's Complaint.

27.    To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "27" of Plaintiff's Complaint, and defers all questions of law to the Court.

28.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "28" of Plaintiff's Complaint.

29.    To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in paragraph "29" of Plaintiff's Complaint, and defer all questions of law to the Court.

30.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "30" of Plaintiff's Complaint.

31.     To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "31" of Plaintiff's Complaint, and defer all questions of law to the Court.

32.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "32" of Plaintiff's Complaint.

33.     To the extent a response is required, deny this allegation as premature, further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "33" of Plaintiff's Complaint, and defer all questions of law to the Court.

34.     To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "34" of Plaintiff's Complaint.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

35.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "35" of Plaintiff's Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "36" of Plaintiff's Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "37" of Plaintiff's Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "38" of Plaintiff's Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "39" of Plaintiff's Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "40" of Plaintiff's Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "41" of Plaintiff's Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "42" of Plaintiff's Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "43" of Plaintiff's Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "44" of Plaintiff's Complaint.

45.     With respect to the allegations in paragraph "45" of Plaintiff's Complaint, deny that Defendants Minor and Bohan's conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

46.     With respect to the allegations in paragraph "46" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

47.     With respect to the allegations in paragraph "47" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

48.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "48" of Plaintiff's Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "49" of Plaintiff's Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "50" of Plaintiff's Complaint.

51.     With respect to the allegations in paragraph "51" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

52.     Deny the allegations contained in paragraph "52" of Plaintiff's Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "53" of Plaintiff's Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "54" of Plaintiff's Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "55" of Plaintiff's Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "56" Plaintiff's Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "57" of Plaintiff's Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "58" of Plaintiff's Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "59" of Plaintiff's Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "60"of Plaintiff's Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "61" of Plaintiff's Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "62" of Plaintiff's Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "63" of Plaintiff's Complaint.

64.     With respect to the allegations in paragraph "64" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

65.     With respect to the allegations in paragraph "65" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

66.     Denies the allegations contained in paragraph "66" of Plaintiff's Complaint.

67.     With respect to the allegations in paragraph "67" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

68.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "68" of Plaintiff's Complaint.

69.     Deny the allegations in paragraph "69" of Plaintiff's Complaint.

70.     With respect to the allegations in paragraph "70" of Plaintiff's Complaint, deny that Defendant Chella's conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

71.     Deny the allegations in paragraph "71" of Plaintiff's Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "72" of Plaintiff's Complaint.

73.     Deny the allegations contained in paragraph "73" of Plaintiff's Complaint.

74.     Deny the allegations that Defendants Stambach and Giardino acted "[i]n an effort to cover up the connection between Montgomery and the Means murder and Brady material for Epps" and deny knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations contained in paragraph "74" of Plaintiff's Complaint.

75.    With respect to the allegations in paragraph "75" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

76.    Deny the allegations in paragraph "76" of Plaintiff's Complaint.

77.    With respect to the allegations in paragraph "77" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

78.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "78" of Plaintiff's Complaint.

79.    With respect to the allegations in paragraph "79" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

80.    Deny the allegations in paragraph "80" of Plaintiff's Complaint.

81.    With respect to the allegations in paragraph "81" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

82.    With respect to the allegations in paragraph "82" of Plaintiff's Complaint, deny "the withholding of Anderson's identity and the suppression of other evidence

linking Montgomery to the Means murder" and any wrongful conduct by the Defendants, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

83.     Deny the allegations in paragraph "83" of Plaintiff's Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "84" of Plaintiff's Complaint.

85.     With respect to the allegations in paragraph "85" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful and that they "uncovered even more evidence that Montgomery killed Means," but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

86.     With respect to the allegations in paragraph "86" of Plaintiff's Complaint, deny that Defendant Minor's conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

87.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "87" of Plaintiff's Complaint.

88.     Deny the allegations in paragraph "88" of Plaintiff's Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "89" of Plaintiff's Complaint.

90.     With respect to the allegations in paragraph "90" of Plaintiff's Complaint, deny that defendant detectives' conduct was wrongful, but deny knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations.

91.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "91" of Plaintiff's Complaint.

92.     Deny the allegations in paragraph "92" of Plaintiff's Complaint.

93.     With respect to the allegations in paragraph "93" of Plaintiff's Complaint, deny that Defendants Stambach and Giardina's conduct was wrongful, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

94.     Deny the allegations in paragraph "94" of Plaintiff's Complaint.

95.     Deny the allegations in paragraph "95" of Plaintiff's Complaint.

96.     Deny the allegations in paragraph "96" of Plaintiff's Complaint.

97.     Deny the allegations in paragraph "97" of Plaintiff's Complaint.

98.     With respect to the allegations in paragraph "98" of Plaintiff's Complaint, deny that the Defendants' conduct was wrongful and deny the allegation of "false, misleading, and incomplete information," but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegation that "the court denied Epps' motion and he remained in custody."

99.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "99" of Plaintiff's Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "100" of Plaintiff's Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "101" of Plaintiff's Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "102" of Plaintiff's Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "103" of Plaintiff's Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "104" of Plaintiff's Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "105" of Plaintiff's Complaint.

106.    With respect to the allegations in paragraph "106" of Plaintiff's Complaint, deny that Defendants' conduct caused or contributed to Plaintiff "being wrongfully imprisoned," but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations regarding the date of Plaintiff's release from custody and the length of time Plaintiff spent in custody.

**Damages**

107.    Deny the allegations in paragraph "107" of Plaintiff's Complaint.

108.    Deny the allegations in paragraph "108" of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**

109.    With respect to the allegations in paragraph "109" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

110.    Deny the allegations contained in paragraph "110" of Plaintiff's Complaint.

111.    Deny the allegations contained in paragraph "111" of Plaintiff's Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "112" of Plaintiff's Complaint and defer all questions of law to the Court.

113.    Deny the allegations contained in paragraph "113" of Plaintiff's Complaint.

114.    Deny the allegations contained in paragraph "114" of Plaintiff's Complaint.

115.    Deny the allegations contained in paragraph "115" of Plaintiff's Complaint.

116.    Deny the allegations contained in paragraph "116" of Plaintiff's Complaint.

117.    Deny the allegations contained in paragraph "117" of Plaintiff's Complaint.

### SECOND CAUSE OF ACTION

118.    With respect to the allegations in paragraph "118" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

119.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "119" and defer all questions of law to the Court.

120.    Deny the allegations in paragraph "120" of Plaintiff's Complaint.

121.    Deny the allegations in paragraph "121" of Plaintiff's Complaint.

122.    Deny the allegations in paragraph "122" of Plaintiff's Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "123" of Plaintiff's Complaint and respectfully refer all questions of law to the Court.

124.    Deny the allegations in paragraph "124" of Plaintiff's Complaint.

125.    Deny the allegations in paragraph "125" of Plaintiff's Complaint.

126.    Deny the allegations in paragraph "126" of Plaintiff's Complaint.

127.    Deny the allegations in paragraph "127" of Plaintiff's Complaint.

128.    Deny the allegations in paragraph "128" of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION

129.    With respect to the allegations in paragraph "129" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

130.    Deny the allegations in paragraph "130" of Plaintiff's Complaint.

131.    Deny knowledge of information sufficient to form belief as to the truth or falsity of the allegations in paragraph "131" of Plaintiff's Complaint.

132.    Deny the allegations in paragraph "132" of Plaintiff's Complaint.

133.    Deny the allegations in paragraph "133" of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION

134.    With respect to the allegations in paragraph "134" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

135.    Deny the allegations in paragraph "135" of Plaintiff's Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph "136" of Plaintiff's Complaint.

137.    Deny the allegations in paragraph "137" of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

138.    With respect to the allegations in paragraph "138" of Plaintiff's Complaint, admit so much of the allegations as are elsewhere herein admitted, and deny so much of the allegations of said paragraph as are elsewhere herein denied.

139.    Deny the allegations in paragraph "139" of Plaintiff's Complaint.

140.    Deny the allegations in paragraph "140" of Plaintiff's Complaint.

141.    Deny the allegations in paragraph "141" of Plaintiff's Complaint.

## GENERAL DENIAL

142.    Deny each and every other allegation of Plaintiff's Complaint not specifically admitted, denied, or otherwise controverted herein.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST DEFENSE:

143.    Upon information and belief, Plaintiff's Complaint, in whole or in part, fails to state a cause of action against the Defendants.

## AS AND FOR A SECOND DEFENSE:

144.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE:

145.    Upon information and belief, the Complaint is barred, in whole or in part, for failure to comply with Article Four of the New York State General Municipal Law.

## AS AND FOR A FOURTH DEFENSE:

146.    Upon information and belief, the detention, arrest, seizure, search, and/or prosecution of Plaintiff, if any such detention, arrest, seizure, search, and/or prosecution occurred, was based on probable cause.

## AS AND FOR A FIFTH DEFENSE:

147.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, upon the doctrine of qualified immunity.

## AS AND FOR A SIXTH DEFENSE:

148.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, upon the grounds that the Defendants exercised their professional judgment under the circumstances and therefore their actions are cloaked with immunity.

## AS AND FOR A SEVENTH DEFENSE:

149.    Upon information and belief, Plaintiff failed to obtain subject matter and/or personal jurisdiction over one or more of these Defendants.

## AS AND FOR AN EIGHTH DEFENSE:

- 18 -

150.    Upon information and belief, Plaintiff failed to name and/or join a necessary party.

### AS AND FOR A NINTH DEFENSE:

151.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of the Defendants did not violate any of Plaintiff's Constitutional rights.

### AS AND FOR A TENTH DEFENSE:

152.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, on the grounds that the actions of the City Defendants were without malice and were objectively reasonable under the totality of the circumstances.

### AS AND FOR AN ELEVENTH DEFENSE:

153.    Under relevant state and federal law, punitive damages cannot be awarded against certain municipal defendants.

### AS AND FOR A TWELFTH DEFENSE:

154.    Upon information and belief, the detention, arrest, seizure, search, and/or prosecution of Plaintiff, if any such detention, arrest, seizure, search, and/or prosecution occurred, was based on "arguable probable cause".

### AS AND FOR A THIRTEENTH DEFENSE:

155.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental, or qualified immunity available to municipalities and their employees including but not limited to governmental

immunity for alleged errors of judgment in discretionary decisions and absolute immunity for witness testimony provided at criminal proceedings.

## AS AND FOR A FOURTEENTH DEFENSE:

156.    The damages complained of, if any, were caused by the culpable conduct of others over whom the Defendants exercised no control and for whom the Defendants bear no responsibility.

## AS AND FOR A FIFTEENTH DEFENSE:

157.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A SIXTEENTH DEFENSE:

158.    Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, by the Plaintiff's failure to obtain personal jurisdiction based on insufficient and/or improper service of process on one or more of the Defendants.

## AS AND FOR A SEVENTEENTH DEFENSE:

159.    Upon information and belief, no special relationship existed between the Plaintiff and Defendants that would create a special duty of protection to the Plaintiff.

## AS AND FOR AN EIGHTEENTH DEFENSE:

160.    Upon information and belief, the Complaint is barred, in whole or in part, for failure to file a timely notice of claim pursuant to the General Municipal Law.

## AS AND FOR A NINETEENTH DEFENSE:

161.    Upon information and belief, if Plaintiff reaches a settlement with any person claimed to be liable the Defendant may be entitled to a setoff against such settlement.

## AS AND FOR A TWENTIFTH DEFENSE:

162.    Any award for Plaintiff must be reduced by the amount he has received or will receive from collateral sources.

## AS AND FOR A TWENTY-FIRST DEFENSE:

163.    Plaintiff's damages, if any, must be diminished by his failure to mitigate such damages.

WHEREFORE, the Defendants, **THE CITY OF BUFFALO, DETECTIVE JOHN BOHAN, DETECTIVE REGINALD MINOR, DETECTIVE MARK STAMBACH, DETECTIVE JAMES GIARDINA, DETECTIVE ANTHONY COSTANTINO** (incorrectly named as "CONSTANTINO" here), **DETECTIVE ROBERT CHELLA, RANIERO MASSECHIA, CHARLES ARONICA,** and **CHIEF JOSEPH RIGA,** demand judgment dismissing the Plaintiff's Complaint herein, together with the costs and disbursements of this Action, an award of attorney's fees pursuant to Fed. R. Civ. P. 54 and 42 U.S.C. §1988, and for such other and further relief as to this Court may deem just

and proper.

Dated:      May 1, 2019
            Buffalo, New York

                                        **TIMOTHY A. BALL, ESQ.**
                                        Corporation Counsel
                                        *Attorney for Defendants*

                                        */s/ Maeve E. Huggins*
                                        By: Maeve E. Huggins
                                        Assistant Corporation Counsel
                                        65 Niagara Square, 11th Floor
                                        Buffalo, New York 14202
                                        Tel.: (716) 851-4317
                                        Fax.: (716) 851-4105
                                        mhuggins@city-buffalo.com

TO:         Rob Rickner, Esq.
            Rickner PLLC
            *Attorney for the Plaintiff*
            233 Broadway, Suite 2220
            New York, New York 10279

            Glenn A. Garber, Esq.
            Glenn A. Garber, P.C.
            *Attorney for the Plaintiff*
            233 Broadway, Suite 2370
            New York, New York 10279

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CORY EPPS,                                        **CERTIFICATE OF SERVICE**

                    Plaintiff,                    Docket No.: 19-CV-00281

        v.

THE CITY OF BUFFALO, et al.,

                    Defendants.

_____

I hereby certify that on May 1, 2019, I electronically filed the foregoing Answer to Plaintiff's Complaint on behalf of Defendants, THE CITY OF BUFFALO, DETECTIVE JOHN BOHAN, DETECTIVE REGINALD MINOR, DETECTIVE MARK STAMBACH, DETECTIVE JAMES GIARDINA, DETECTIVE ANTHONY CONSTANTINO, DETECTIVE ROBERT CHELLA, RANIERO MASSECHIA, CHARLES ARONICA, and CHIEF JOSEPH RIGA, with the Clerk of the U.S. District Court, Western District of New York, using its CM/ECF system, which would then electronically notify all CM/ECF participants on this case.

I certify under penalty of perjury that the foregoing is true and correct.

                              TIMOTHY A. BALL, ESQ.
                              Corporation Counsel

                              _/s/ Maeve E. Huggins_
                              Assistant Corporation Counsel
                              65 Niagara Square, 11th Floor
                              Buffalo, New York 14202
                              Tel.: (716) 851-4317
                              Fax.: (716) 851-4105
                              mhuggins@city-buffalo.com