STATE OF NEW YORK : COUNTY OF ERIE
COUNTY COURT
THE PEOPLE OF THE STATE OF NEW YORK

V.                                                                 Indictment No. 97-1542-001

COREY L. EPPS

STATE OF NEW YORK
COUNTY OF ERIE

Patricia I. Carrington, being duly sworn, deposes and says:

1. I am currently employed as an Assistant Deputy Attorney General, in The New York State Organized Crime Task Force. I am of counsel to George B. Quinlan, Chief of the Organized Crime Task Force, and Eliot Spitzer, New York State Attorney General. I have been so employed since June 5, 2000. Prior to that time I was employed as an Assistant District Attorney, of counsel to Frank J. Clark, Erie County District Attorney, and assigned to the Homicide Bureau.

2. Throughout 1997 I investigated and prosecuted the above-captioned case. In the spring of 1998 File No. 97-1542 was assigned to Deputy District Attorney Lawrence Schwegler for trial, due to a scheduling conflict.

3. I was present at a lineup at Buffalo Police Headquarters on July 30, 1997 where Jacqueline Bradley positively identified Corey Epps as the man who shot her friend Tomika Means. Bradley manifested her identification by beginning to cry the moment Epps walked out on the lineup stage. In what was at that time twelve years as a prosecutor, I had never witnessed such a sure and chilling identification.

4. Throughout the time I handled the Epps file, Ms. Bradley never wavered. Homicide detectives continued to investigate the case in an effort to determine the identity of the woman who was with Epps on the night of the shooting. It was our hope that she could be indicted as an accomplice to murder, or on a charge of criminal facilitation. In assisting the detectives to follow up on various leads they developed, I never learned of any reason why Ms. Bradley would falsely accuse Epps. She knew him from seeing him out at clubs, and no witnesses were uncovered who knew of bad blood between them prior to his cold-blooded murder of her best friend.

5. I responded to defense counsel's motions on Indictment No. 97-1542. My response was a substantive one, as evidenced by the fact that Mr. LoTempio never requested further argument of the motions, or that I be precluded from presenting any of my proof.

6. In April of 1998 I investigated a file concerning the death of Paul Pope, which in 1999 resulted in Indictment No. 98-1219 against Russell Montgomery. In reviewing the file as

EPPS-DA 01306 D-32

the investigation proceeded, I became aware that a Wymiko Anderson, aka "Pumpkin", was a witness as she was one of the last people to see Pope alive. I read the statement she gave to homicide detectives on April 17. The statement contained no mention of the killing of Tomika Means. I also conferenced with homicide detectives numerous times on the Pope case. At no time in the spring of 1998 did any of them inform me that they were told Pope was killed because he knew Russell Montgomery, rather than Corey Epps, killed Means, nor was there any mention of the Means murder in reference to the Pope case.

7. Throughout 1998 and well into 1999, I was the Assistant District Attorney assigned to the Pope case. If anyone called the District Attorney's office with questions about the progress of the file, or with information, they were referred to me. Wymiko Anderson never contacted me with information about Montgomery being Mean's murderer as well. I never heard that claim until long after Epps was convicted--probably about the time Mr. LoTempio brought his 330 motion.

Patricia I. Carrington

Subscribed and Sworn to before me
this 28 day of August, 2000.

Notary Public, State Of New York
Qualified in Erie County
My Commission Expires

JOHN C. LUZIER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires February 8, 2002

EPPS-DA 01307 D-33