STATE OF NEW YORK
COUNTY COURT   :   COUNTY OF ERIE

---

THE PEOPLE OF THE STATE OF NEW YORK,

               Plaintiff,

    -vs-

CORY L. EPPS,

               Defendant.

                                       INDICTMENT NO.
                                       97-1542-001

---

FRANK J. CLARK, ESQ.
Erie County District Attorney
BY: LAWRENCE M. SCHWEGLER, ESQ.
Deputy District Attorney, Of Counsel
Attorney for the People.

DAVID B. COTTER, ESQ.
5109 Main Street
Williamsville, New York 14221
Attorney for the Defendant.

## MEMORANDUM   AND   ORDER

<u>McCARTHY, J.</u>

Pursuant to the Court's memorandum decision and order granted March

2, 2001, an evidentiary hearing has been held to determine whether certain

-2-

alleged exculpatory information was furnished to the police on April 17, 1998 by Wymiko Anderson.

Based upon the evidence adduced at the hearing it is determined that Ms. Anderson was interviewed by Buffalo Police Department Homicide Detectives Mark Stambach and James Giardina on April 17, 1998 at police headquarters concerning the homicide of her boyfriend Paul Pope on April 16, 1998.

The detectives drove Ms. Anderson to police headquarters on April 17, 1998 where they questioned her concerning Paul Pope while typing a three page statement which she read and signed.  During this interview she was asked to describe an individual by the name of Russell Montgomery and she testified that she told the officers that he looks like the sketch of the man who killed Tamika Means; and that Paul Pope had told her on the date Tamika Means was murdered that Montgomery had told him that he (Montgomery) killed her. No information concerning the homicide of Tamika Means is contained within Ms. Anderson's statement of April 17, 1998.

Ms. Anderson also testified that she sent an anonymous letter, dated April 27, 1998 to the defendant's attorney naming Montgomery as the murderer of Tamika Means.  Curiously, this letter makes no mention of Montgomery's

EPPS-DA 00306

-3-

claimed admission of the Means murder to Paul Pope.  Additionally,  Ms. Anderson did not explain why the letter was unsigned in view of her claim that she had previously furnished similar information directly to the police. Moreover, in her statement, dated April 29, 2000, Ms. Anderson states that during her April 17, 1998 discussion with the police she was asked to submit to a polygraph examination and agreed to do so.  No mention of this subject was made during her testimony.  In the experience of this court, it would be most unusual for the police to conduct a polygraph examination of a witness in such circumstances.  Further, her statement avers that she furnished "all of this" information to the homicide squad and that there were five or six detectives in the room when she arrived.  As indicated, however, her hearing testimony refers only to the presence of Detectives Stambach and Giardina.  Furthermore, in her statement of April 29, 2000  Ms. Anderson states that when she advised the police on April 17, 1998 of Montgomery's alleged admission to Pope, the detectives said that it was hearsay.  At the hearing, however, the hearsay references are  said by her to have been made in June of 1998.   When asked what was said at the April 17, 1998 interview she made no mention of any comment concerning hearsay.

EPPS-DA 00307

-4-

In contrast to the testimony of Ms. Anderson, Buffalo Police Department Homicide Detectives Mark Stambach and James Giardina each testified that Wymiko Anderson did not mention the Tamika Means homicide when they interviewed her on April 17, 1998 and obtained her signed statement (Defendant's Exhibit 3) concerning the murder of Paul Pope. Their testimony is unequivocal that the only homicide discussed with Ms. Anderson on that date was that of Paul Pope. In addition, Detective Sergeant Anthony Constantimo testified that during the course of his investigation of the Tamika Means homicide he heard nothing of Montgomery's claimed involvement until after the jury verdict in the defendant's case. Similarly, Detective Raniero Masecchia testified that he never heard that Wymiko Anderson was saying that Montgomery was responsible for the death of Tamika Means until June of 1998.

Based upon the proof received I find that Wymiko Anderson is not a credible witness and, therefore, conclude that the defendant has failed to establish by a preponderance of the evidence that Ms. Anderson informed the police on April 17, 1998 of her belief that Russell Montgomery murdered

EPPS-DA 00308

-5-

Tamika Means. Accordingly, defendant's motion to vacate the judgment of conviction is denied.

This memorandum constitutes the order of the Court.


JOSEPH P. McCARTHY, A.J.S.C.


DATED: Buffalo, New York


GRANTED
SEP 1 3 2001
COURT CLERK

EPPS-DA 00309