STATE OF NEW YORK
COUNTY COURT : COUNTY OF ERIE

---

THE PEOPLE OF THE STATE OF NEW YORK

        Plaintiff,

-vs-

CORY L. EPPS,

        Defendant.

INDICTMENT NO.
97-1542-001

---

FRANK J. CLARK, III, ESQ.
Erie County District Attorney
BY: PATRICIA I. CARRINGTON, ESQ.
Assistant District Attorney
Attorney for The People.

ANDREW C. LOTEMPIO, ESQ.
1366 Statler Towers
Buffalo, New York 14202
Attorney for the Defendant.

## MEMORANDUM AND ORDER

**McCARTHY, J.**

The defendant is indicted for murder in the second degree and criminal possession of a weapon in the second degree for having intentionally caused the death of Tamika Nicole Means on May 26, 1997 by shooting her with a firearm. The defendant moves to suppress the identification testimony of Jacqueline Bradley at trial as the product of impermissible police conduct, and also seeks to suppress

40

2

statements attributed to him by the police as having been involuntarily made (see, CPL 60.45). A hearing was conducted on December 9, 1997 at which Detective John Bohan, Henry Smardz and Raniero Masecchia testified for the People.

### FINDINGS OF FACT

1. On May 26, 1997 at approximately 4:15 a.m. a female motorist by the name of Tamika Means was shot and killed in the area of East Delavan and Chelsea in the City of Buffalo.

2. During the course of the police investigation into the homicide a relative of the victim suggested that the defendant Cory Epps matched the description of the perpetrator.

3. On July 3, 1997 a photo array was prepared by Detective Bohan which included a mugshot of the defendant, taken on May 10, 1997, and five additional photos of heavy-set black males of comparable appearance.

4. On July 6, 1997 a photo array (People's Exhibit 1, in evidence) was shown to Jacqueline Bradley at her home and she was asked if she could identify any of the photos.

5. She identified photo number five, that of Cory Epps, as the person who shot Tamika Means. After Detective Bohan identified the defendant by name, Ms. Bradley said "I don't know him, but I have heard of him".

6. Pursuant to court order a two phase lineup was conducted on July 30, 1997 (People's Exhibit 2, in evidence - first phase; People's Exhibit 3,

41

3

in evidence - second phase). The lineup proceeding was monitored by defense counsel Salvatore Abbate and he agreed to the proposed make-up of the lineup. Ms. Bradley selected participant number three, the defendant, Cory Epps, in the first phase and number one, again the defendant, in the second phase.

7. On July 9, 1997 Detective Masecchia interviewed one Jerrikia Johnson concerning her vehicle and its potential connection with the homicide. That same day she accompanied Cory Epps to police headquarters.

8. The defendant indicated his willingness to cooperate with the investigation and although not in custody and free to leave, he was advised of the <u>Miranda</u> rights (see People's Exhibit 7, in evidence), waived the presence of counsel, and made a statement (People's Exhibit 8, in evidence) in which he admitted knowing of the victim as the girlfriend of Kenzon Edwards. However, he denied any involvement in the homicide.

## CONCLUSIONS OF LAW

The defendant has asked for permission to subpoena the witness Jacqueline Bradley to the pretrial hearing. He asserts that her presence is required on the ground that her identification resulted from the suggestion of a relative. Additionally, he claims that she may have recognized some of the lineup stand-ins as police officers because they all frequent the same tavern. Based upon this court's review

42

EPPS-DA 00127

4

of the relevant authority (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833) and in the exercise of judicial discretion, defendant's request for the compelled appearance of the identifying witness at the pretrial hearing is denied.

Furthermore, defendant's motion to suppress the identification testimony of Jacqueline Bradley is denied. Both the presentation of the photo array and the lineup proceeding were appropriately conducted and are untainted by impermissible police conduct. Moreover, there is no requirement that a defendant in a lineup or photo array be surrounded by individuals nearly identical in appearance (People v Mason, 138 AD2d 411,412). Finally, defendant's motion to suppress his statements to the police is also denied.

This memorandum constitutes the order of the Court.

_____
JOSEPH P. McCARTHY, A/J.S. C.


DATED: Buffalo, New York

**GRANTED**
JAN 27 1998 , 19___
_____
COURT CLERK

EPPS-DA 00128