

**Peter Sahasrabudhe**
Associate
Direct Dial: 716.848.1508
Direct Facsimile: 716.849.0349
*PSahasra@hodgsonruss.com*

May 23, 2023

<u>**Via ECF**</u>

Hon. Leslie G. Foschio, U.S.M.J.
United States District Court
Western District of New York
2 Niagara Square – 7th Floor
Buffalo, New York 14202

Dear Judge Foschio:

  Re:  <u>*Epps v. City of Buffalo, et. al.* Case No. 19-cv-00281</u>

   We are writing to seek guidance from the Court on an issue that has arisen since the Court issued its Report and Recommendation (R&R) last week on May 11, 2023.   This is a joint request from both parties.

   As the Court is aware, the parties agreed before summary judgment briefing that Plaintiff was no longer pursuing his claims against four defendants: (1) Robert Chella; (2) Raniero Masecchia; (3) Charles Aronica; and (4) Joseph Riga ("the non-moving defendants"). Plaintiff's counsel, Rob Rickner, confirmed last week that I could relay to the Court that Plaintiff agreed not to pursue any claims against the non-moving defendants prior to summary judgment briefing.

   In the Court's R&R, the Court stated that a formal stipulation would have to be filed with respect to the non-moving defendants for them to be dismissed from the case.  Plaintiff has agreed to sign a stipulation with respect to three of the four non-moving defendants.  The only non-moving defendant whose dismissal Plaintiff will not stipulate to is Robert Chella. Mr. Rickner informed me last week that Plaintiff interprets the R&R to indicate that the Court believes there may be a basis for liability against Detective Chella.  As such, Mr. Rickner and his co-counsel, Glenn Garber, cannot stipulate to Detective Chella's dismissal at this time.

   Mr. Rickner acknowledges that our office would have made specific arguments with respect to Detective Chella were it not for the parties' agreements prior summary judgment briefing, which were made both verbally and in writing.  Mr. Rickner and Mr. Garber also consent to our office being able to raise further arguments in support of summary judgment as to Detective Chella.  Further, Mr. Rickner and Mr. Garber have given me permission to relay to the Court that they are not taking a position that we have waived the ability to raise arguments as to why summary judgment should be granted in Detective Chella's favor.

   Given the current situation, the parties are seeking guidance from the Court.  Our office assumes that the Court has determined from the record that summary judgment is

The Guaranty Building, 140 Pearl Street, Suite 100  |  Buffalo, New York 14202-4040  |  716.856.4000  |  HodgsonRuss.com

*Albany* ■ *Buffalo* ■ *Greensboro* ■ *New Jersey* ■ *New York* ■ *Palm Beach* ■ *Rochester* ■ *Saratoga Springs* ■ *Toronto*



May 23, 2023
Page 2

appropriate as to all four non-moving defendants, including Detective Chella.  One possibility, therefore, is that the Court could supplement its R&R to address Detective Chella specifically.  The evidence demonstrates that Detective Chella was not involved in any identification procedures wherein Plaintiff was implicated for the Tomika Means homicide.  In fact, Detective Chella did not investigate the Means homicide at all.  Detective Chella, therefore, could not have maliciously prosecuted Plaintiff.  Detective Chella was also not involved in any interview with Wymiko Anderson prior to Plaintiff's trial and conviction.  In our view, there is thus no basis to hold Detective Chella liable on any of the other claims asserted by Plaintiff.  Detective Chella could not have committed any *Brady* violation, because *Brady* is a pre-conviction right.   Nor could Detective Chella have lied about a *Brady* violation after Plaintiff was convicted, as Detective Chella was not present for the pre-trial event giving rise to Plaintiff's *Brady* claim.

If the Court is not comfortable with this option, the Court should allow the parties to make supplemental briefing with respect to Detective Chella.  The Court can then supplement its R&R based on the parties' briefing.  Finally, the Court could issue an order stating that Plaintiff has the ability to make an argument with respect to Detective Chella in its objections to the R&R, and that defendants may raise arguments supporting summary judgment in Detective Chella's favor in their response to Plaintiff's objections.  Mr. Rickner has relayed to me that Plaintiff consents to allowing us to make arguments specific to Detective Chella in briefing to District Judge Vilardo.

Given the unique procedural situation presented here, we ask that the Court issue a written directive as to how the parties should proceed.  We are also happy to discuss how to proceed at a conference with the Court where counsel for all parties participate.  A teleconference may work best given that Mr. Rickner and Mr. Garber are based in New York City.  Although I am unavailable tomorrow, Mr. Russ can participate in a conference scheduled by the Court.  I can also make myself available on Thursday or Friday of this week.

We thank the Court in advance for its consideration of our request.

Respectfully submitted,

*/s/ Peter Sahasrabudhe*

Peter Sahasrabudhe

cc:   Hugh M. Russ *(hruss@hodgsonruss.com)*
      Rob Rickner, Esq. *(rob@ricknerpllc.com)*
      Glenn A. Garber, Esq. *(ggarber@glenngarber.com)*
      *All via ECF*