**HodgsonRuss**LLP
ATTORNEYS

**Peter Sahasrabudhe**
Senior Associate
Direct Dial: 716.848.1508
Direct Facsimile: 716.849.0349
*PSahasra@hodgsonruss.com*

April 29, 2025

**Filed by ECF**

Honorable Judge Lawrence J. Vilardo
United Stated District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Dear Judge Vilardo:

       Re:    <u>Epps v. City of Buffalo, 19-cv-00281 (LJV-LGF)</u>

       We represent the defendants in this action. The Court held oral argument yesterday afternoon on April 28, 2025. Later yesterday evening, counsel for the plaintiff, Glenn Garber, filed a letter in follow up to questions posed by Your Honor at oral argument. We note at the outset that counsel stated they were not going to be filing any additional written submissions after oral argument. Nonetheless, we wish to respond to the letter that was filed.

       The testimony from Detective Giardina which Mr. Garber references in his letter actually supports the positions stated by defendants at oral argument. That is, the testimony shows that after Mr. Epps's conviction, the individual defendants at issue ceased acting as investigators as it related to the Means homicide and began acting as witnesses to a judicial proceeding.

       The process described by Giardina's testimony is paradigmatic of a witness talking with a lawyer about his personal knowledge of the facts and what his testimony is going to be. Detective Giardina and a lawyer had a conversation about his memory and knowledge, the lawyer reduced what was communicated to an affidavit, and the affidavit was used in a post-conviction judicial proceeding. That is precisely how witnesses, law enforcement or otherwise, participate in court proceedings across thousands upon thousands of criminal matters in New York State. As the Court noted at oral argument, District Attorneys speak with virtually all witnesses before the witness gives written or oral testimony. To create a rule where witnesses are immune from liability stemming from their actual testimony but are not immune for conversations leading up to their testimony would effectively do away with testimonial immunity altogether.

       In short, because the post-conviction conduct at issue stems from the defendants' participation as witnesses in a judicial proceeding, they are absolutely immune from Plaintiff's post-conviction due process claim.

<a>
<p>a</p>
</a>

Honorable Judge Lawrence J. Vilardo
April 29, 2025
Page 2



       Respectfully submitted,

       Hodgson Russ LLP


       Peter Sahasrabudhe
       Senior Associate